<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES A. HARRISON,                  :
                                    :   Civil Action No. 09-1619 (KSH)
                Plaintiff,          :
                                    :
            v.                      :   **OPINION**
                                    :
STEPHANIE RAMOS,                    :
                                    :
                Defendant.          :


**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
James A. Harrison
Passaic County Jail
11 Marshall Street
Paterson, NJ 07501

**HAYDEN**, District Judge

        Plaintiff James A. Harrison, a prisoner confined at Passaic
County Jail in Paterson, New Jersey, seeks to bring this action
<u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging
violations of his constitutional rights.[1]  Based on his affidavit
of indigence and the absence of three qualifying dismissals
within 28 U.S.C. §1915(g), the Court will grant Plaintiff's

---

        [1] Plaintiff initially filed an out-of-date form application
for leave to proceed <u>in forma pauperis</u>, which incorrectly stated
that the filing fee is $150.  In fact, the filing fee is $350.
This Court previously entered an Order [3] granting Plaintiff
leave to withdraw the Complaint if he did not wish to proceed in
the face of a potential assessment of $350 for payment of the
filing fee.  <u>See</u> 28 U.S.C. § 1915(b).  Plaintiff has not
withdrawn the Complaint; accordingly, the Court will assess the
full $350 filing fee.

application to proceed in forma pauperis pursuant to 28 U.S.C.
§ 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to
determine whether it should be dismissed as frivolous or
malicious, for failure to state a claim upon which relief may be
granted, or because it seeks monetary relief from a defendant who
is immune from such relief.

I.   BACKGROUND

The following factual allegations are taken from Plaintiff's
Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that Stephanie Ramos, who is described
only as the "so-called victim," made a false police report in
2008 accusing him of a crime, as a result of which he was
incarcerated for 5-and-one-half months, until he was able to post
bond.  Plaintiff alleges that the charges were later dropped.

Plaintiff seeks monetary damages.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time,
certain in forma pauperis and prisoner actions that are
frivolous, malicious, fail to state a claim, or seek monetary
relief from a defendant who is immune from such relief.  See 28
U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C.
§ 1915A (actions in which prisoner seeks redress from a

2

governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal

3

pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.  DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, Plaintiff has alleged no facts suggesting that Defendant Stephanie Ramos is a state actor within the meaning of § 1983.  Thus, the Complaint fails to state a claim under § 1983. Plaintiff has alleged no facts that would suggest any basis for the exercise of federal jurisdiction.

4

To the extent the Complaint could be construed to assert a claim arising under state law, any such claim must be dismissed without prejudice.  Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim.  The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted).  As no such extraordinary circumstances appear to be present, this Court will dismiss the state law claims without prejudice.

IV.   CONCLUSION

For the reasons set forth above, the Complaint shall be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.[2]

---

[2] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ...  The dispositive inquiry is whether the district court's order finally resolved the case." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted).  In this case, if Plaintiff can correct the deficiencies of his Complaint, he may file a motion to re-open these claims in accordance with the court rules.

5

Because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to reopen. Any motion to reopen must be accompanied by a proposed amended complaint.[3]  In this regard, the Court notes the sparseness of the factual allegations in this Complaint.  Any proposed amended complaint must comply with the notice pleading requirements of the Federal Rules of Civil Procedure, to provide any potential defendant notice of the claim against him or her and to permit this Court to perform its duty to determine whether the proposed amended complaint states a claim.

More specifically, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.

upon which it rests.'" <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200

(2007) (citations omitted).

> While a complaint ... does not need detailed factual
> allegations, a plaintiff's obligation to provide the
> "grounds" of his "entitle[ment] to relief" requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will
> not do, <u>see</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106
> S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to
> dismiss, courts "are not bound to accept as true a
> legal conclusion couched as a factual allegation").
> Factual allegations must be enough to raise a right to
> relief above the speculative level ... .

<u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007)

(citations omitted).

The Supreme Court then applied these general standards to a

Sherman Act conspiracy claim.

> In applying these general standards to a § 1
> [conspiracy] claim, we hold that stating such a claim
> requires a complaint with enough factual matter (taken
> as true) to suggest that an agreement was made. Asking
> for plausible grounds to infer an agreement does not
> impose a probability requirement at the pleading stage;
> it simply calls for enough fact to raise a reasonable
> expectation that discovery will reveal evidence of
> illegal agreement. And, of course, a well-pleaded
> complaint may proceed even if it strikes a savvy judge
> that actual proof of those facts is improbable, and
> "that a recovery is very remote and unlikely." ...   It
> makes sense to say, therefore, that an allegation of
> parallel conduct and a bare assertion of conspiracy
> will not suffice. Without more, parallel conduct does
> not suggest conspiracy, and a conclusory allegation of
> agreement at some unidentified point does not supply
> facts adequate to show illegality. Hence, when
> allegations of parallel conduct are set out in order to
> make a § 1 claim, they must be placed in a context that
> raises a suggestion of a preceding agreement, not
> merely parallel conduct that could just as well be
> independent action.

> The need at the pleading stage for allegations
> plausibly suggesting (not merely consistent with)
> agreement reflects the threshold requirement of Rule
> 8(a)(2) that the "plain statement" possess enough heft
> to "sho[w] that the pleader is entitled to relief."  A
> statement of parallel conduct, even conduct consciously
> undertaken, needs some setting suggesting the agreement
> necessary to make out a § 1 claim; without that further
> circumstance pointing toward a meeting of the minds, an
> account of a defendant's commercial efforts stays in
> neutral territory. ...

Twombly, 127 S.Ct. at 1965-66 (citations and footnotes omitted).

The Court of Appeals for the Third Circuit has held, in the context of a § 1983 civil rights action, that the Twombly pleading standard applies outside the § 1 antitrust context in which it was decided.  See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context").

> Context matters in notice pleading.  Fair notice under
> Rule 8(a)(2) depends on the type of case -- some
> complaints will require at least some factual
> allegations to make out a "showing that the pleader is
> entitled to relief, in order to give the defendant fair
> notice of what the ... claim is and the grounds upon
> which it rests."  Indeed, taking Twombly and the
> Court's contemporaneous opinion in Erickson v. Pardus,
> 127 S.Ct. 2197 (2007), together, we understand the
> Court to instruct that a situation may arise where, at
> some point, the factual detail in a complaint is so
> undeveloped that it does not provide a defendant the
> type of notice of claim which is contemplated by
> Rule 8.  Put another way, in light of Twombly, Rule
> 8(a)(2) requires a "showing" rather than a blanket
> assertion of an entitlement to relief.  We caution that
> without some factual allegation in the complaint, a
> claimant cannot satisfy the requirement that he or she
> provide not only "fair notice," but also the "grounds"
> on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Although the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

> Therefore, after Iqbal, when presented with a
> motion to dismiss for failure to state a claim,
> district courts should conduct a two-part analysis.
> First, the factual and legal elements of a claim should
> be separated. The District Court must accept all of
> the complaint's well-pleaded facts as true, but may
> disregard any legal conclusions. Second, a District
> Court must then determine whether the facts alleged in
> the complaint are sufficient to show that the plaintiff
> has a "plausible claim for relief." In other words, a
> complaint must do more than allege the plaintiff's
> entitlement to relief. A complaint has to "show" such
> an entitlement with its facts. See Phillips, 515 F.3d
> at 234-35. As the Supreme Court instructed in Iqbal,
> "[w]here the well-pleaded facts do not permit the court
> to infer more than the mere possibility of misconduct,
> the complaint has alleged-but it has not
> 'show[n]'-'that the pleader is entitled to relief.'"
> This "plausibility" determination will be "a

context-specific task that requires the reviewing court
to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 2009 WL 2501662, 5 (3d Cir. August 18,

2009) (citations omitted).

An appropriate order follows.

Katharine S. Hayden
United States District Judge

Dated: 10/6/09

10